UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOCORRO MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations of Social Security,<br><br>    Defendant. | Case No. ED CV 13-1006-SP<br><br>MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

Plaintiff's counsel, Bill LaTour, has filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("406(b) Motion"). Plaintiff's counsel seeks an award of fees of $7,892.95 from a recovery of $31,698.08 in retroactive benefits for plaintiff. For the reasons set forth below, the court grants the 406(b) Motion for fees in the amount sought.

## I.

## **BACKGROUND**

Plaintiff Maria Socorro Martinez filed a complaint in this court on June 11, 2013 seeking a review of a denial of disability benefits. On January 9, 2014, following the parties' full briefing of the issues in dispute, the court reversed the

1

decision of the Commissioner of Social Security and remanded the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On February 3, 2014, based on the parties' stipulation for the award of fees under the Equal Access to Justice Act ("EAJA"), the court awarded plaintiff's counsel fees in the amount of $3,000.

Upon remand to the Commissioner, another hearing was held before an Administrative Law Judge ("ALJ"). *See* 406(b) Mtn., Ex. 10. Following that hearing, on September 13, 2016, the ALJ found plaintiff has been under a disability since August 1, 2010. *Id.*

On October 17, 2016, the Social Security Administration ("SSA") notified plaintiff that she was due monthly benefits beginning in January 2011 in amounts ranging from $775.10 to $842.80. 406(b) Mtn., Ex. 11. This amounts to past due benefits totaling $31,698.08 for the period January 2011 through September 2016, after the deduction of an overpayment in Supplemental Security Income ("SSI") benefits.[1] *See* 406(b) Mtn., Ex. 13.

On May 10, 2018, plaintiff's counsel Bill LaTour filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). Counsel LaTour seeks an award of § 406(b) fees in the amount of $7,892.95, subject to an offset for the $3,000.00 in EAJA fees previously paid.

The 406(b) Motion is supported by various exhibits. Included among these is an agreement between plaintiff and attorney LaTour dated May 29, 2013, in which plaintiff agreed to pay a fee for a successful prosecution of "twenty-five percent (25%) of the past-due benefits that are awarded," to the extent such fee is "approved by the federal court for representation in federal court." 406(b) Mtn., Ex. 5. Also included is a summary of the time spent by attorney Sharla Cerra and a

---

[1] Total past due benefits were $56,413, minus $24,714.91 in SSI overpayment. 406(b) Mtn., Ex. 13.

2

paralegal in the office on work before this court. 406(b) Mtn., Ex. 14. It shows attorney LaTour's office spent a total of 19.9 hours of attorney time and 2.9 hours of paralegal time representing plaintiff in this court, not including fee application work. *Id.*

The 406(b) Motion was served on plaintiff and explicitly advised plaintiff of his right to file a response to the Motion within fourteen days. 406(b) Mtn. at 2. Plaintiff did not file a response. Defendant, the Commissioner, did file a response to the 406(b) Motion. Defendant takes no position on the reasonableness of the fee request, but merely advised the court regarding certain legal and other considerations appropriate to its analysis.

## II.

## DISCUSSION

### A. Fees Available to Attorneys Who Successfully Represent Social Security Benefit Claimants in Court

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Because benefits amounts that provide a basis for the fee calculation are limited to those past due, attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits.

Fee awards may be made under the Equal Access to Justice Act as well as 42 U.S.C. § 406(b), and such is the case here. As noted above, plaintiff was previously awarded EAJA fees in the total amount of $3,000 for services rendered by counsel in securing the remand of plaintiff's case. An EAJA award, however, offsets an award under § 406(b) so that the total of the past due benefits actually received by the claimant is increased by the amount of the EAJA award up to the point where the claimant could potentially obtain one hundred percent of past-due

3

benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (citation omitted).

In *Gisbrecht*, the Supreme Court resolved a circuit split concerning the appropriate method of calculating fees under § 406(b). *Id.* at 799. Several circuits, including the Ninth Circuit, had followed the "lodestar" method, under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly rate. *Id.* (citations omitted). Other circuits had given effect to an attorney-client contingent-fee agreement if the resulting fee was reasonable. *Id.* (citations omitted).

The Supreme Court evaluated the two approaches and concluded that § 406(b) (which limits attorney's fees to twenty-five percent of past-due benefits) was designed to control, and not displace, contingent fee agreements that are within the statutory ceiling. *Id.* at 807-09. The Court held that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. In rejecting the lodestar approach, the Court noted that, while the lodestar method was used in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in litigation, fee-shifting to a losing party was not relevant in § 406(b) cases. *Id.* at 802. As the Court observed, § 406(b) does not authorize the prevailing party to recover fees from the losing party; rather, it authorizes fees payable from the successful party's recovery. *Id.*

In testing the reasonableness of fees yielded by contingency fee agreements within § 406(b)'s twenty-five percent ceiling, *Gisbrecht* provided some guidance by identifying the following examples of factors or circumstances that may warrant a reduction: (1) the result achieved; (2) "substandard" representation by counsel; (3) delay by counsel (justifying a reduction to prevent counsel from profiting from the accumulation of benefits while the case is pending due to any foot-dragging); (4) "if the benefits are large in comparison to the amount of time counsel spent on

the case" thereby resulting in a windfall; and (5) counsel's record of the hours spent representing the claimant and counsel's normal hourly billing rate for non-contingency work. *Id.* at 808; *see also Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1168-72 (C.D. Cal. 2006) (providing a thorough analysis of post-*Gisbrecht* case law and factors considered by various courts).

In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), the Ninth Circuit examined the teachings of *Gisbrecht* as applied to three cases consolidated on appeal, and provided some additional guidance as to how courts in this circuit are to properly conduct that analysis. The court emphasized that, under *Gisbrecht*, the district court "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). After first looking to the fee agreement, the court may "then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). The Ninth Circuit particularly noted that "[t]he lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1149.

**B.     The Reasonableness of the Fees Sought Here**

As prescribed by *Gisbrecht* and *Crawford*, the court here begins with the mutually executed contingency fee agreement between plaintiff and counsel. *See* 406(b) Mtn., Ex. 5. Plaintiff agreed to pay counsel attorney fees of twenty-five percent of the past-due benefits awarded for work before the court – the statutory maximum. *Id.* As discussed above, SSA ultimately awarded plaintiff past due benefits totaling $31,698.08. Consequently, under the terms of the fee agreement,

5

plaintiff is contractually obligated to pay counsel total attorney fees of $7,924.52 ($31,698.08 x .25). *See id.* The record does not indicate that the fee agreement was the product of any fraud, coercion, or overreaching.

Plaintiff's counsel here is seeking fees of $7,892.95, equal to 24.9 percent of the benefits awarded, or virtually the maximum available under both the contingency fee agreement and statute. Neither plaintiff nor defendant have contested this amount sought. The court will therefore test this fee amount for reasonableness.

Plaintiff's counsel here achieved an outstanding result for plaintiff. Further, counsel did so in a reasonably efficient manner. In particular, counsel's time records show counsel spent a significant but not unreasonable amount of time analyzing the case and working on plaintiff's memorandum. Plaintiff's counsel here achieved an outstanding result for plaintiff, having convinced the court that the ALJ erred as to one of the two issues raised, with the court not reaching the second issue, and thus warranting reversal and remand. There was no unreasonable delay by plaintiff's counsel. Thus, the only question is whether the fees sought would result in a windfall to plaintiff's counsel.

Doing a version of the lodestar check, counsel here seeks $7,892.95 in fees for 22.8 hours of combined attorney and paralegal work. This amounts to a de facto hourly rate of $346.18. This is well within the de facto hourly rates in approved fee awards in other, similar cases. For example, in *Crawford*, the Ninth Circuit approved as reasonable the following fee awards as requested by plaintiffs' counsel:

- Counsel for Crawford requested and received fees of $21,000 on an $123,891.20 award of past-due benefits (16.95% of the recovery), for 19.5 hours of attorney time and 4.5 hours of paralegal time, for a combined de facto hourly rate of $875;
- Counsel for Washington requested and received fees of $11,500 on a

|  |  | $76,041 award of past-due benefits (15.12% of the recovery), for 17.45 hours of attorney time and 4.7 hours of paralegal time, for a combined de facto hourly rate of $519.19; and |
| --- | --- | --- |
|  | • | Counsel for Trejo requested and received fees of $24,000 on a $172,223 award of past-due benefits (13.94% of the recovery), for 26.9 hours of attorney time and 2.6 hours of paralegal time, for a combined de facto hourly rate of $813.56. |

*Crawford*, 586 F.3d at 1145-46, 1152. The $346 de facto hourly rate here is lower than the rates approved for all three of the cases considered in *Crawford*, which was decided almost ten years ago.

Moreover, as in many of these cases, the value of this case to plaintiff is substantially greater than the $31,698 in past due benefits awarded. In addition to the past-due benefits, plaintiff will receive ongoing monthly benefits payments. *See* 406(b) Mtn., Ex. 11.

As with any contingency fee agreement case, the risk of losing plaintiff's case – and thus the risk that counsel would not be paid at all – was substantial. In light of the substantial risk, and given the work done, results achieved, and other circumstances in this case, the court finds that the fees that counsel seeks here are not unreasonable.

///
///
///

## III.
## <u>CONCLUSION</u>

Based upon the foregoing considerations, the court GRANTS the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Accordingly, IT IS ORDERED: (1) the Commissioner shall pay fees in the amount of $7,892.95 to the Law Offices of Bill LaTour out of the sum withheld by the Commissioner from plaintiff's benefits; and (2) the Law Offices of Bill LaTour shall reimburse $3,000.00 to plaintiff.

**IT IS SO ORDERED.**

DATED: January 29, 2019

_____
SHERI PYM
United States Magistrate Judge